IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                        No. 4:13-CR-00068-07-JM

TYRONE EDDIE MCCRAY

**ORDER**

Defendant's Motion to Reduce Sentence (Doc. No. 554) is DENIED.

Applying retroactive guideline Amendment 821 does not reduce Defendant's criminal history category or guideline range because he was sentenced as a career offender.[1]

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2]  Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 1st day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* United States Sentencing Guidelines § 1B1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 182.

[3] *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).